UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORN RANCH, INC., a California corporation, | No. C 09-02674 MHP |
| Plaintiff, | **MEMORANDUM & ORDER** |
| v. | **Re: Defendants' Motion to Stay, Dismiss, or in the Alternative, to Transfer** |
| SUNRISE COMMODITIES, INC., a New Jersey corporation, AMERICAN PISTACHIO COMMODITY CORP., a Delaware corporation, d/b/a SUNRISE COMMODITIES; and DOES 1 through 20, inclusive, | |
| Defendants. | |

Plaintiff Torn Ranch, Inc. ("Torn Ranch") brings this action against defendants Sunrise Commodities, Inc. and American Pistachio Commodity Corp., d/b/a Sunrise Commodities, seeking a declaration (1) of its rights and duties under two contracts with Sunrise, and (2) that, despite explicit and broad arbitration clauses in those contracts, disputes arising out of those contracts need not be submitted to binding arbitration. Now before the court is defendants' motion to stay or dismiss the action, or, in the alternative, to transfer venue to the United States District Court for the District of New Jersey. Having considered the parties' arguments and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND

Torn Ranch, incorporated in California and headquartered in Marin County, California, manufactures specialty foods. Compl. ¶ 1. Sunrise Commodities, Inc., incorporated and

headquartered in New Jersey, is an importer of nuts, dried fruits and snacks, and conducts business throughout North and South America, Asia and Europe. Id. ¶ 2. American Pistachio Commodity Corp. d/b/a Sunrise Commodities is incorporated and headquartered in Delaware. Id. ¶ 3. The court will refer to both entities collectively as Sunrise for sake of clarity. Since 2006, Torn Ranch and Sunrise have entered into several sales contracts whereby Torn Ranch purchased cashew nuts and other commodities from Sunrise. These contracts were prepared on Sunrise contract forms and executed by various buyers on behalf of Torn Ranch. Docket No. 18 (Cottam Dec.) ¶ 2. Generally, Torn Ranch would draw against the contract through purchase orders, after which Sunrise would release merchandise from a public warehouse and send Torn Ranch an invoice for the amount withdrawn. Id.

On or about March 4, 2008, a Torn Ranch employee named John Klima signed a sales contract with Sunrise for 35,000 pounds of Brazilian LW-1 grade cashew kernels at a price of $4.65 per pound, plus $0.05 per pound per month after June 2008 (the "March 2008 contract"). Id. ¶¶ 4-5. The contract called for deliveries between March and September of that year. Then, on or about June 30, 2008, a Torn Ranch employee named Darryl Egide, entered into a sales contract with Sunrise for 105,000 pounds of Brazilian SLW-1 grade cashew kernels at a price of $5.75 per pound (the "June 2008 contract"). Id. ¶ 7. Both of these contracts, as well as other contracts entered into prior to 2008, included the following arbitration clause: "Any controversy or claim arising out of this contract shall be settled in binding arbitration by the Association of Food Industries, Inc. of New York in accordance with it's [sic] rules then obtaining." Id. ¶ 11.

Sometime prior to April 6, 2009, in accordance with the March and June contracts, Sunrise attempted to deliver 2,000 cases of cashews to Torn Ranch. Compl. ¶ 8. Torn Ranch refused to accept the deliveries. Id. Torn Ranch claimed that the March and June contracts were not valid because "[t]he buyers that purportedly executed the . . . [c]ontracts did not have the authority to enter into the . . . [c]ontracts and the owners of [Torn Ranch] did not authorize the . . . [c]ontracts." Id.

Sunrise initiated arbitration against Torn Ranch by serving it with a demand for arbitration on April 6, 2009. Id. ¶ 8. On April 10, 2009, Sunrise emailed Torn Ranch and declared it to be in default of the two contracts. Cottam Dec. ¶ 15. AFI issued a notice of arbitration to Torn Ranch on

1 April 24, 2009. Id. ¶ 17. Torn Ranch refused to participate in any AFI arbitration, and instead filed
2 this action on May 15, 2009, in the Superior Court of California, County of Marin, requesting that
3 the court declare and adjudge the rights of the parties to the March 2008 and June 2008 contracts.
4 Id. ¶ 20. Sunrise, having been served on May 19, 2009, removed the action to federal court on June
5 15, 2009.

6      In response to Torn Ranch's suit and its refusal to submit to arbitration, on June 1, 2009,
7 Sunrise filed its own suit, in the United States District Court for the District of New Jersey, to
8 compel arbitration. On June 5, 2009, United States District Judge Katharine Hayden entered an
9 order to show cause, directing Torn Ranch to respond to Sunrise's petition to compel arbitration by
10 June 9, 2009. The order to show cause hearing was conducted on June 25, 2009. At that hearing,
11 Judge Hayden granted Sunrise's motion to compel arbitration. The arbitration is now scheduled for
12 September 14, 2009.

13

14 LEGAL STANDARD

15      Sunrise has moved for a stay or dismissal, or, in the alternative, to transfer this action to the
16 District of New Jersey. Torn Ranch does not oppose the motion to stay, but does oppose the
17 motions to dismiss and transfer.

18 I.     Motion to Dismiss For Failure to State A Claim

19      A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) "tests the legal
20 sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Since Rule 12(b)(6) is
21 concerned with a claim's sufficiency rather than its substantive merits, when faced with a motion to
22 dismiss, courts typically "look only at the face of the complaint." Van Buskirk v. Cable News
23 Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). However, the doctrine of incorporation by
24 reference allows a district court to consider documents "whose contents are alleged in a complaint
25 and whose authenticity no party questions, but which are not physically attached to the plaintiff's
26 pleading." In re Silicon Graphics Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999) (quoting Branch v.
27 Tunnell, 14 F.3d 449, 454 (9th Cir. 1994)).

28

1    A court will grant a motion to dismiss if the plaintiff fails to plead "enough facts to state a
2 claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). A
3 plaintiff's complaint may be dismissed either for failing to articulate a cognizable legal theory or for
4 not alleging sufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't., 901
5 F.2d 696, 699 (9th Cir. 1990). A court must "begin by identifying pleadings that, because they are
6 no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can
7 provide the framework of a complaint, they must be supported by factual allegations. When there
8 are well-pleaded factual allegations, a court should assume their veracity and then determine
9 whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950
10 (2009).

11 II.    Res Judicata

12    The doctrine of res judicata or claim preclusion prohibits litigation in a subsequent action of
13 any claims that were raised or could have been raised in a prior action. Owens v. Kaiser Found.
14 Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (citations omitted). Under Ninth Circuit law, an
15 adjudication in a prior action serves as a bar to litigation of a claim if the prior adjudication (1)
16 involved the same claim as the later suit; (2) reached a final judgment on the merits, and (3)
17 involved
18 the same parties or their privies. Id.; see also Blonder-Tongue Labs. v. University of Ill. Found., 402
19 U.S. 313, 323-24 (1971). In determining whether two claims are identical, the Ninth Circuit
20 employs four criteria: (1) whether the rights or interests established in the prior judgment would be
21 destroyed or impaired by prosecution of the second action; (2) whether substantially the same
22 evidence is presented in the two actions; (3) whether the two suits involve infringement of the same
23 right, and (4) whether the two suits arise out of the same "transaction." Nordhorn v. Ladish Co., 9
24 F.3d 1402, 1405 (9th Cir. 1993); Constantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th
25 Cir. 1982), cert. denied, 459 U.S. 1087 (1982) (quoting Harris v. Jacobs, 621 F.2d 341, 343 (9th Cir.
26 1980)). The fourth criterion—whether the two suits arise out of the same transaction—is the most
27 important. Id. at 1202. It is immaterial whether the claims asserted subsequent to the judgment
28 were actually pursued in the action that led to the judgment; rather the relevant inquiry is whether

4

they could have been brought. C.D. Anderson & Co. v. Lemos, 832 F.2d 1097, 1100 (9th Cir. 1987). A defense of res judicata is appropriately addressed at the motion to dismiss stage of litigation, and in so doing, the court can take judicial notice of the earlier proceedings that give rise to the defense. Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984)

DISCUSSION

I.    Res Judicata

Under the doctrine of res judicata, the decision by Judge Hayden in the District of New Jersey compelling arbitration precludes Torn Ranch from raising the same claim before this court. Torn Ranch asks this court to hold that the arbitration clauses in the March and June 2008 contracts do not require Torn Ranch to arbitrate any disputes arising out of those contracts. Specifically, Torn Ranch suggests that the two contracts, along with their arbitration clauses, are invalid. They argue that the individuals who entered into those contracts lacked the authority to do so. All of these claims were plainly decided by Judge Hayden in Sunrise's favor.

In her ruling from the bench, Judge Hayden held that the March and June contracts were valid and binding. Docket No. 18 (Am. Pizzi Dec.), Exh. 4 ("Hearing Transcript") at 50-51. In so holding, she determined that Klima and Egide, Torn Ranch's buyers, had the actual or apparent authority to enter into those contracts on Torn Ranch's behalf. Id. She also determined that the arbitration clause was valid and binding, specifically concluding that the clause was sufficiently large and conspicuous to place Torn Ranch on notice that disputes arising out the contracts would be subject to binding arbitration. Id. at 52. With those antecedent findings in hand, Judge Hayden granted Sunrise's motion to compel Torn Ranch to participate in arbitration. Id. at 55 ("[I] think really what you are . . . asking me to do is to determine whether or not this case must be arbitrated or not, and I find that it must be arbitrated. Because there were binding contracts for arbitration entered into by folks with the authority to bind [Torn Ranch].").

In light of Judge Hayden's decision, Torn Ranch is precluded from raising the same claim before this court. Under Nordham's four-factor test, the instant action involves the same claims as the New Jersey action. To begin, the rights or interests established in the New Jersey judgment

5

would be destroyed or impaired by the prosecution of this declaratory judgment action. The very judgment Torn Ranch is seeking, a declaration of the parties' rights under the contracts and a declaration that the dispute does not have to be submitted to binding arbitration with the AFI, would destroy Sunrise's established right to arbitration.

Second, exactly the same evidence is presented in the two actions. Judge Hayden had before her the contracts, declarations from both parties regarding their understandings of the contracts, and other documents indicating the parties' prior course of dealing. No new information is presented to this court, and even if such evidence were produced, Torn Ranch has not submitted an explanation for why that evidence could not have been put before Judge Hayden.

Third, the two suits involve infringement of the same right. In both actions, the parties have asked the courts whether or not their dispute over Torn Ranch's alleged breach of contract must be submitted to arbitration. Judge Hayden squarely held that the dispute must be arbitrated.

Finally, the two suits arise out of the same "transaction." The New Jersey action involved the same arbitration clause and the same alleged breaches at issue in this case. Accordingly, this court holds that the instant action and the action in New Jersey involve the same claim.

The second requirement for res judicata—that the prior decision be final and on the merits—is also satisfied in this case. In <u>Green Tree Financial Corp.-Alabama v. Randolph</u>, the Supreme Court held that, under the Federal Arbitration Act, an order compelling arbitration is a "final decision with respect to arbitration," because it "ends the litigation on the merits and leaves nothing more for the court to do but to execute judgment." 531 U.S. 79, 85, 86 (2000). Judge Hayden's decision compelling arbitration was thus a final order on the merits.

The final requirement—that the two actions involve the same parties or their privies—is also undisputedly met. Although the parties have switched postures, Torn Ranch opposed Sunrise Commodities, Inc., and American Pistachio Commodity Corp., d/b/a Sunrise Commodities, in the prior action, as here. Accordingly, because all of the prerequisites for res judicata have been met, this court holds that Torn Ranch's claim that its dispute with Sunrise does not have to be submitted to binding arbitration is barred by res judicata.

II.     <u>First to File Rule</u>

6

Despite the New Jersey decision's preclusive effect, Torn Ranch asserts that under the first to file rule, this court is the proper venue for the parties' dispute. "When cases involving the same parties and issues have been filed in two different districts," the first to file rule grants "the second district court [the] discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." Cedars-Sinai Med. Ctr. v. Shalala, 125 F.3d 765, 796 (9th Cir. 1997). Here, Torn Ranch filed the first action. Torn Ranch filed this action in state court on May 15, 2009, before Sunrise filed the New Jersey district court action on June 1, 2009. That the instant case was not removed to federal court until June 15, 2009, after Sunrise filed the New Jersey action, is of no moment. See Igloo Products Corp. v. The Mounties, Inc., 735 F. Supp. 214, 217 (S.D. Tex. 1990) (holding that, with respect to the first to file rule, courts are to look to the date the action was filed in state court rather than when it was removed to federal court).

Simple chronology, however, does not end the first to file analysis. A district court has the discretion to ignore the first to file rule when the filing of the first suit evinces bad faith, anticipatory suit, or forum shopping. See Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) (Patel, J.). Here, the record shows that Torn Ranch filed suit in federal court only after it had been served with the initial notice of arbitration from AFI. See Cottam Dec., Exh. 11. The court infers from the timing of these events that Torn Ranch's action was anticipatory, and, as such, falls outside of the first to file rule. In addition, although it is not dispositive to this court's conclusion, Judge Hayden was not persuaded by Torn Ranch's first to file argument either: "We all went to law school and know how to race to the courthouse," she told the parties at the motion to compel arbitration hearing. "And it's only fair that courts retain the discretion to unravel the series of clashes that appears to be turning up as flash fires in various fora and get them out and into one, which is what I'm doing now." Pizzi Dec., Exh. 4 at 55. Accordingly, the first to file rule does not provide any justification for retaining jurisdiction over this matter.

III.   Remaining Claims

This court may still retain jurisdiction over any and all remaining claims brought by Torn Ranch that have not been precluded by res judicata and that are not arbitrable, by granting Sunrise's motion to stay pending arbitration and denying its motion to dismiss. Section 3 of the Federal

7

1  Arbitration Act provides that, "upon being satisfied that the issue involved in [a] suit . . . is referable
2  to arbitration . . . , [a court] shall on application of one of the parties stay the trial of the action until
3  such arbitration has been had . . . , providing the applicant for the stay is not in default in proceeding
4  with such arbitration." 9 U.S.C. § 3. The Ninth Circuit has held, however, that where a court finds
5  that all of the claims before it are arbitrable, the court has discretion to dismiss the action under Rule
6  12(b)(6). See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988); see also Thinket
7  Ink Info. Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1060 (9th Cir. 2004) (affirming
8  dismissal under Rule 12(b)(6) of claims that were subject to arbitration); Simula, Inc. v. Autoliv,
9  Inc., 175 F.3d 716, 726 (9th Cir. 1999) (affirming dismissal under Rule 12(b)(6) of claims that were
10  subject to an arbitration clause).

11  As is discussed above, res judicata precludes this court from addressing whether Torn Ranch
12  must submit to arbitration. Thus, all that remains is Torn Ranch's request for "a declaration as to the
13  parties' rights and duties under the" contracts. Compl. at 3. That issue falls squarely within the
14  scope of the arbitration clause at issue. The arbitration clause provides that: "Any controversy or
15  claim arising out of this contract shall be settled in binding arbitration by the Association of Food
16  Industries, Inc. of New York in accordance with it's [sic] rules then obtaining." Cottam Dec. ¶ 11.
17  Certainly, a dispute over "the parties' rights and duties under the" contracts is a "controversy arising
18  out of th[e] contract."

19  In its moving papers, Torn Ranch suggests that two additional matters presented by this
20  litigation fall outside of the scope of the arbitration clause. First, Torn Ranch claims that if it "is the
21  prevailing party in the arbitration, Torn Ranch will seek to enforce the arbitration award in the
22  California district court, since . . . it is the more convenient forum." Retaining jurisdiction over the
23  case simply for the purpose of confirming an arbitration award is not necessary, and the court elects
24  not to do so. See Luna, 575 F. Supp 2d at 1179. Further, Judge Hayden explicitly stated in her order
25  to compel arbitration that she retained jurisdiction over this case, "including, without limitation, for
26  the purpose of: (i) entertaining any motion to confirm the award of the arbitration panel; and (ii) for
27  the granting of such other and further relief as the Court may deem proper." Pizzi Dec., Exh. 5 at 2.
28

8

Second, Torn Ranch suggests "that AFI may not be impartial." Without more, this unsupported allegation is insufficient to support retaining jurisdiction over this case.

Because all of Torn Ranch's material claims can be resolved in arbitration, this court will exercise its discretion and dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6).

CONCLUSION

For the reasons stated above, Sunrise's motion to dismiss is GRANTED. If the arbitration between the parties does not settle all of the issues in this case, Torn Ranch may file a motion to reopen this action.

IT IS SO ORDERED.

Dated: September 3, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

9